CASE 75—PETITION EQUITY—Dec. 15.

## Weatherford v. Boulware.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

1. WILLS—CONSTRUCTION—CONTINGENT REMAINDER.—A devise in a will of real estate to one for life, with a provision that at her death "it shall descend to her heirs, or to such of them as shall be then living, and the descendants of any that may leave issue," with a further provision "that should all the children of my said daughter die without issue, the real estate devised to them, shall descend to the heirs of" another sister, there was vested in the

children of the daughter a contingent remainder, which they might sell and convey.

2. VALID CONSIDERATION FOR DEED.—The two remaindermen having agreed with each other during the life time of the holder of the life estate, to convey to each other one-half of the land devised, and one of them having complied with that agreement, and the other not having done so, after the death of the one who had not done so, the surviving remainderman never having demanded a deed in his life-time, can not have her deed to the other canceled on the ground that there was no consideration therefor, as she might have compelled him at any time to have executed a deed which would have passed his contingent interest to her.

J. T. A. BAKER AND JOHN ROBERTS FOR APPELLANT.

1. A contingent remainder may be conveyed under the provisions of section 6, art. 1, chap. 16, General Statutes (White's Trustee v. White, &c., 86 Kentucky, 604;) but if the grantor or devisor dies before it becomes effective, and no estate has ever vested in him, the grantee takes nothing. Leppe v. Lee, 92 Kentucky, 21.

2. A. T. Boulware having agreed with his sister, appellant, to make a deed of exchange of their interests derived under the will of Hite, and having failed in his life time to carry out that agreement, and the appellant having carried out her part of it, and at his death his interest having failed before any deed was made by him, there is but one thing to do, viz., to cancel her deed and treat the whole transaction as void.

BURWELL K. MARSHALL, FOR APPELLEE.

1. A devise to A for life with remainder to B, but if B is dead at the termination of the life estate, then to C, passes to B a vested estate. Mercantile Bank v. Ballard's assignee, 7 Ky. Law Rep., 478, and authorities there cited.

2. Appellant's petition is defective in not alleging that demand was made upon A. T. Boulware to execute a deed to appellant as called for in the contract.

3. Appellant had the right to convey her property under the statutes even though it was in remainder, and as she had a title certainly to one-half, and the right to the other half except for the contract upon the happening of the contingency of her brother's death before their mother, she is certainly bound by her deed; and as the title was made perfect in her upon the death of her mother, and having conveyed one-half of it to her brother, even

if she had had no title to it at the time of the conveyance, she would now be estopped to claim that the deed was void, as it was made in pursuance of a valid contract. Herman on Estoppel, vol. 2, page 716. Connelly v. Brantsler, 3d Bush, 702.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

This action was begun in the Jefferson Circuit Court by the appellant, Mary E. Weatherford, against M. L. Boulware, the widow and devisee under the will of A. T. Boulware, seeking to set aside and declare void a certain deed made by appellant and her husband to A. T. Boulware, dated December 30, 1873, to certain lands in Jefferson county.

The petition recites that in 1856 Abraham Hite died in Jefferson county, leaving a will, which was duly probated and reads as follows:

"In the name of God, amen, I, Abraham Hite, being of sound mind and disposing memory do make, ordain and publish this as my last will and testament, hereby revoking all others: . . .

"Item. My estate being small, while it is my desire to leave a competency for the support of my beloved wife, always subject to her control, therefore, I give and bequeath unto my said wife, during her natural life, all my property, of every kind or description whatsoever, real, personal, or mixed. This I do the more freely from a full knowledge of her natural regard for my said daughter and her children.

"Item. It is my further wish that, after the demise of my said wife, my whole property devised to her, which may not have been expended as a means of support, shall descend to my said daughter, Matilda Boulware, during her natural life. It is my further will that after the demise of my said daughter all my real estate shall descend to her heirs, or to

such of them as shall be then living, and the descendants of any that may leave issue.

"Item. It is my further will that should all the children of my said daughter die without issue, that the real estate devised to them shall descend to the heirs of my sister, Polly Cartmell.

"In conclusion, I hereby nominate and appoint my said wife executrix, hereby excusing her from giving security or undergoing any other trouble that can be dispensed with by the forms of law."

It is further alleged that the above-mentioned Matilda Boulware was the mother of appellant and of A. T. Boulware, and died in April, 1894; that this appellant and A. T. Boulware were the only children that Matilda ever had, and were the grandchildren of Abraham Hite.

The petition alleges that A. T. Boulware died in December, 1893, and before their mother, Matilda. It is also alleged that in 1873, appellant being then a married woman and so continued till 1894, that, being ignorant of the law and having full confidence in her brother, A. T. Boulware, and thinking that he understood the law, she trusted him and relied upon him (her husband being a man of no business capacity), and that on the 30th day of December, 1873, she and her husband made a deed to fifty acres of the ninety-nine and one-half acres owned by Abraham Hite in Jefferson county, Ky., giving boundary, and the same land devised to Matilda Boulware for life by the will; that the deed from her to her brother was made in pursuance of a written contract, filed with the petition. But she alleges that her brother never

made a deed to her as provided by said contract, and that her deed was, therefore, without consideration and void.

The petition alleges that at the date of the deed neither she nor her husband nor her brother had any interest in the ninety-nine and one-half acres that could be conveyed, and that if a deed had been made to her no title would have passed and that her brother, A. T. Boulware, having died before his mother, Matilda, he never had any interest in or title to the land he agreed by the written contract to convey; that the conveyance of said land was the only consideration ever made or pretended to be; that the conveyance not having been executed during the lifetime of the brother and indeed if the same had been executed would have passed no title, and that as the brother, A. T. Boulware, never in fact had title to the land agreed to be conveyed, that the entire consideration failed, and the prayer was for a cancellation of the deed made by her to her brother, and it be adjudged void. It is alleged that the brother died without issue, and appellee is the devisee of his will.

To this petition, and again after amendment, the court sustained a demurrer and the appellant declining to plead further, her petition and action was dismissed, and from that judgment this appeal is prosecuted.

We are of opinion that under the will of Abraham Hite the appellant and A. T. Boulware were vested with a contingent remainder in the land, and had a right to sell same and convey this right by deed. As it is shown by the petition that A. T. Boulware agreed in writing to convey to appellant his share or half, and appellant might at any time have compelled a deed to have been made to her, and, so

far as this record shows, failed to demand a deed during the lifetime of her brother, and now, he having died and the title of appellant being perfect without this deed being made, we see no reason why her deed to A. T. Boulware should be cancelled or declared void for any reason. When this deed was made the contingency existed as to both and they had even chances, and it can not be said there was either fraud in the contract or failure of consideration.

Finding no error the judgment is affirmed.